UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 11-60(1) (DWF/JJG) |
| | Civil No. 13-131 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| Terry Lamar Roberts, Jr., | |
| Petitioner-Defendant. | |

This matter is before the Court on Petitioner-Defendant Terry Lamar Roberts, Jr.'s ("Petitioner-Defendant") *pro se* motion pursuant to 28 U.S.C. § 2255 for an order of this Court to vacate, set aside, or correct sentence. (Doc. No. 101.) On January 14, 2013, Petitioner-Defendant filed his *pro se* motion alleging: (1) the Government breached the Plea Agreement by failing to file a motion pursuant to § 5K1.1 of the Sentencing Guidelines; and (2) that his counsel was ineffective for advising him to participate in proffer sessions, which he claims led to a higher sentence.

The Court permitted Petitioner-Defendant to file a reply to the Government's response to his motion to vacate his sentence. Consequently on April 29, 2013, Petitioner-Defendant filed a reply to the Goverment's response in addition to submitting a number of attachments, asserting, among other things, that his defense counsel filed a false affidavit claiming that he could not file a § 5K1.1 motion and also claiming that his Fifth and Sixth Amendment rights were violated when two federal agents interviewed him on January 14, 2011. (Doc. Nos. 112, 113.) The Government opposes

Petitioner-Defendant's motion. (Doc. No. 107.)

## BACKGROUND

On April 22, 2011, Petitioner-Defendant pled guilty to interference with commerce by robbery (Count 1) and with using, carrying, possessing and brandishing a firearm during and in relation to, and in furtherance of, a crime of violence (Count 2). Petitioner-Defendant also acknowledged his involvement in five additional armed robberies which he committed within two months of the offenses he pled guilty to in the indictment (and two of which he had previously confessed). (Doc. No. 63, Plea Agreement.)

On December 14, 2011, the Court sentenced Petitioner-Defendant to a term of imprisonment of 192 months, which consisted of 108 months on Count 1 and 84 months on Count 2, to be served consecutively. The advisory guideline range as to Count 1 was 100 to 125 months pursuant to 18 U.S.C. §§ 2 and 1951. The advisory guideline range as to Count 2 was 84 months, with a mandatory minimum, pursuant to 18 U.S.C. §§ 2 and 924(c)(1)(A). Petitioner-Defendant filed a notice of appeal on December 23, 2011. The Eighth Circuit Court of Appeals dismissed the appeal on January 25, 2012, because Petitioner-Defendant, as part of the plea agreement and sentencing stipulations in the case, had waived his right to appeal the sentence if the sentence was 209 months or less. On January 14, 2013, as noted above, Petitioner-Defendant filed a *pro se* motion pursuant to 28 U.S.C. § 2255, which is now before the Court. Specifically, Petitioner-Defendant asserts that: (1) the Government breached his plea agreement by failing to file a motion

under § 5K1.1 of the sentencing guidelines; (2) that his counsel was ineffective for advising him to participate in proffer sessions specifically alleging "because of the ineffective assistance that directly resulted in my judgment and commitment being based on my counsel's fraudulent inducement and his incompetence that caused my sentence to be much higher";[1] and (3) in Petitioner-Defendant's most recent affidavit of April 29, 2013, the Petitioner-Defendant now asserts that his Fifth and Sixth Amendment rights were violated when he was interviewed on January 14, 2011, by federal agents.

## DISCUSSION

**I.    Breach of the Plea Agreement**

Petitioner-Defendant asserts that the Government violated the plea agreement by failing to file a motion pursuant to § 5K1.1 of the sentencing guidelines. Petitioner-Defendant's assertion is entirely belied by the record before the Court. First, there is nothing in the record or contained in the plea agreement that would even suggest that the Government agreed to file a § 5K1.1 motion. Moreover, that would be highly inconsistent with all cases that have come before this Court where the issue of

---

[1] The Court notes that Petitioner-Respondent sent the Court a number of letters, including one it received on March 21, 2012, and a second on April 6, 2012, in which he asked for appointment of counsel. The Court has respectfully denied that request given the nature of a § 2255 and the straightforward nature of the issues before the Court that are not complex in nature. Moreover, the presence or absence of appointed counsel would have had no effect on the Court's decision. The Court also gave permission to Petitioner-Respondent to submit an additional reply memorandum and affidavit, both of which the Court received on April 29, 2013. The decision of this Court, respectfully stated, was not a close call, based upon the record before it, as explained in this Memorandum Opinion and Order.

cooperation and a § 5K1.1 motion is suggested as even a possibility. There was not only an absence of language in the plea agreement, but close scrutiny of the transcript of the plea hearing belies the notion that there was any breach of the plea agreement or breach of any promises, implicit or explicit, made by the Government.

Secondly, there is nothing in the record before the Court to suggest that whatever Petitioner-Defendant did and whatever proffers he made did not rise to the level of "substantial assistance in the investigation or prosecution of another person who committed an offense." U.S.S.G. § 5K1.1. Consequently, based upon the record before the Court, the Court concludes that Petitioner-Defendant has clearly failed to demonstrate that the Government violated the plea agreement by not filing a § 5K1.1 motion.

## II. Ineffective Assistance of Counsel

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions. U.S. Const. amend. VI. However, in order to prevail on an ineffective assistance of counsel claim under section 2255, a defendant must overcome a 'heavy burden.'" *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). In order to overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id.*

4

In order to establish that there was a deficient performance, the defendant must show that the errors were not the result of a "reasonable professional judgment." *Id.* at 690. There is a strong presumption "that counsel . . . rendered adequate assistance." *Id.* A defendant must prove, with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In the case before the Court, the Court concludes that Petitioner-Defendant has failed to meet the burden necessary to demonstrate that his counsel provided ineffective assistance. The Court must observe that Petitioner-Defendant's allegations are entirely belied by the plea hearing transcript and confirmed by his trial counsel's affidavit, which is consistent with the record before this Court. In Petitioner-Defendant's April 29, 2013 response, he alleges that his Fifth and Sixth Amendment rights, as noted above, were violated when two agents interviewed him on January 14, 2011. The Court will first note, that the facts and circumstances of that interview were fully set forth in the attachments to defense counsel's first affidavit. *See* Doc. No. 107-1 at 8-10.[2] The record before the Court, then and now, establishes that there was nothing improper about the interview that occurred on January 14, 2011. However, as observed by the Government, even if the Court assumes that Petitioner-Defendant was represented by counsel at the time of the interview with the state district court in Minnesota regarding the robbery of the EZ Stop

---

[2] Defense counsel submitted a second affidavit dated May 15, 2013.

gas station, there was nothing improper about the interview because the agents specifically informed Petitioner-Defendant they were not there to discuss "the current robbery charge." Moreover, in addition to that representation, they read Petitioner-Defendant his *Miranda* rights, which Petitioner-Defendant waived. Finally, there is no evidence as to the January 14, 2011 exchange with law enforcement that Petitioner-Defendant informed the agents that he was represented by counsel or that he requested that counsel be present for the interview. On the record before the Court, because there is no such evidence to suggest there was any violation of Petitioner-Defendant's Fifth or Sixth Amendment rights, it necessarily follows that Petitioner-Defendant's decision to withdraw any pretrial suppression motions would not constitute ineffective assistance of counsel as Petitioner-Defendant asserts.

Significantly, however, the Court reminds Petitioner-Defendant that in paragraph 12 of the Plea Agreement and Sentencing Stipulations, in addition to waiving the sentence imposed if it was 209 months or less, the validity of which has already been decided by the Eighth Circuit, paragraph 4 of the same Plea Agreement and Sentencing Stipulations contained a waiver of all pretrial motions by Petitioner-Defendant. Confirmed by the transcript of his plea, Petitioner-Defendant "knowingly, willingly, and voluntarily gave up his right to file pretrial motions in this case." The change of plea transcript will confirm that, in addition to the Court specifically addressing this issue with Petitioner-Defendant, his defense counsel, at that time, made a specific inquiry as well. There is no evidence before this Court to establish that Petitioner-Defendant's decision to

gas station, there was nothing improper about the interview because the agents specifically informed Petitioner-Defendant they were not there to discuss "the current robbery charge." Moreover, in addition to that representation, they read Petitioner-Defendant his *Miranda* rights, which Petitioner-Defendant waived. Finally, there is no evidence as to the January 14, 2011 exchange with law enforcement that Petitioner-Defendant informed the agents that he was represented by counsel or that he requested that counsel be present for the interview. On the record before the Court, because there is no such evidence to suggest there was any violation of Petitioner-Defendant's Fifth or Sixth Amendment rights, it necessarily follows that Petitioner-Defendant's decision to withdraw any pretrial suppression motions would not constitute ineffective assistance of counsel as Petitioner-Defendant asserts.

Significantly, however, the Court reminds Petitioner-Defendant that in paragraph 12 of the Plea Agreement and Sentencing Stipulations, in addition to waiving the sentence imposed if it was 209 months or less, the validity of which has already been decided by the Eighth Circuit, paragraph 4 of the same Plea Agreement and Sentencing Stipulations contained a waiver of all pretrial motions by Petitioner-Defendant. Confirmed by the transcript of his plea, Petitioner-Defendant "knowingly, willingly, and voluntarily gave up his right to file pretrial motions in this case." The change of plea transcript will confirm that, in addition to the Court specifically addressing this issue with Petitioner-Defendant, his defense counsel, at that time, made a specific inquiry as well. There is no evidence before this Court to establish that Petitioner-Defendant's decision to

withdraw his pretrial motions to suppress evidence, including the circumstances surrounding his January 14, 2011 interview, constituted ineffective assistance of counsel.

While the Court believes that the transcript at the plea hearing and at the sentencing hearing speak for themselves, which the Court has again reviewed, not only did Petitioner-Defendant receive representation from a well prepared, experienced, and competent counsel, but, given the seriousness of the offenses pled guilty to by Petitioner-Defendant, quite separate from the so-called additional offenses or any asserted cooperation that Petitioner-Defendant gave that are the focus of his argument, the Court's own remarks at the sentencing hearing leave little doubt that, quite apart from the additional offenses, that any sentence less than 192 months, given the seriousness of the actual robbery in question, would have promoted disrespect for the law and therefore been entirely contrary to 18 U.S.C. § 3553(a). For these reasons, the Court concludes that Petitioner-Defendant's ineffective assistance of counsel claim allegations fail.

## III. Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing if: (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to Petitioner-Defendant's allegations and the record before

the Court, the Court concludes that no evidentiary hearing is required in this case. Petitioner-Defendant's ineffective assistance claims are facially inadequate.

## IV. Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*)). Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Based upon the presentations and submissions of the parties, including the letters received by the Court from Petitioner-Defendant, the Court having carefully reviewed the entire record and sentence in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Terry Lamar Roberts' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Doc. No. [101]), is respectfully **DENIED**.

2. Petitioner-Defendant Terry Lamar Roberts' Motion for Issuance of a Subpoena Duces Tecum, (Doc. No. [114]), is **DENIED AS MOOT**.

3. No evidentiary hearing is required in this matter.

4. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 8, 2013          s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge